**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH LAMAR,

      Petitioner,

-vs-                                                              Case No.  8:04-CV-002-30TGW

AL SOLOMAN, et al.,

      Respondents.

_____/

## <u>ORDER</u>

This matter comes before the Court for consideration of Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and Respondents' response thereto (Dkt. 11). Despite have been afforded the opportunity to do so, *see* Dkt. 12, Petitioner has not filed a reply to the response. The matter is now before the Court for consideration on the merits of the petition. An evidentiary hearing is not required for the disposition this matter. Rules Governing Section 2254 Cases 8(a) (2006).

Petitioner is challenging his 1993 conviction for second degree murder entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida, following a jury trial (Dkt. 1). Petitioner's conviction and sentence were affirmed on direct appeal on May 5, 1995. *See Lamar v. State*, 656 So.2d 158 (Fla. 2d DCA 1995). A detailed recitation of the procedural history of this case is not necessary because there are only a few operative facts that control the Court's decision in the case.

### Standard of Review

State prisoners whose petitions were filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are subject to the

provisions thereof.  As amended, § 2244(d)(1) provides that state prisoners have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Discussion

According to Petitioner's sworn allegations, his judgment of conviction occurred on January 28, 1993.  He was sentenced to serve a term of twenty-five years imprisonment. His conviction and sentence were affirmed on direct appeal in 1995.  *See Lamar v. State,* 656 So.2d 158 (Fla. 2d DCA 1995).  Petitioner did not, however, file an application for post-conviction relief until 1999.  *See Lamar v. State*, 768 So.2d 500 (Fla. 2d DCA 2000).

Because Petitioner's conviction became final prior to the enactment of the AEDPA, the one-year limitation period for his federal habeas petition began to run on the date of its enactment, April 24, 1996.  *See Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  No state court proceedings related to Petitioner's conviction were pending on the date of enactment. Therefore, Petitioner had until April 24, 1997, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed state post conviction proceeding.

Petitioner tolled the limitation period when he filed a state application for post-conviction relief pursuant to Fla. R. Criminal. P. 3.850 on April 21, 1997.  The limitation period recommenced to run on November 2, 1998, with 3 days remaining unexpired (365 days - 362 days = 3 days).  Thus, to be timely, Petitioner had to file his § 2254 petition on or before Thursday, November 5, 1998. Petitioner delayed, however, filing a second Rule 3.850 motion until July 27, 1999, 264 days after the limitation period expired.

Petitioner's second Rule 3.850 motion had no tolling effect because the limitation period cannot be reinitiated once it expires.  Thus, Petitioner's filings after November 5, 1998, had no effect on the limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Petitioner does not assert that a state created impediment prevented him from filing a timely § 2254 petition, and he does not advance a claim based on a right newly recognized by the United States Supreme Court and retroactive in application. *See* 28 U.S.C. § 2244(d)(1)(B) & (C).

Petitioner argues, however, that the Court should entertain his petition on the merits under § 2244(d)(1)(D) because he could not have discovered the factual predicate of his federal claim prior to the expiration of the limitation period.  Petitioner argues, as he did in his third rule 3.850 motion, filed on November 4, 1999, that he has newly discovered evidence of innocence which warrants finding that he is entitled to federal habeas relief, to wit, the affidavit of Andre Bell, a fellow inmate, who avers that he was an eyewitness to Petitioner's offense of conviction and Petitioner was not the person who shot the victim. Following an evidentiary hearing[1] on Petitioner's claim of newly discovered evidence, the

---

[1]In support of his newly discovered evidence claim, Petitioner presented the sworn affidavit of an inmate he met in 1999 at the Avon Correctional Institution who stated that he witnessed the shooting for which Petitioner was convicted and identified a named third party as the actual perpetrator (Dkt. 2 at 12). Initially, the trial court summarily denied the motion, stating that the evidence was impeachment evidence which was
(continued...)

trial court denied Petitioner's Rule 3.850 motion. The trial court's decision was affirmed on appeal on December 6, 2002, with the mandate issuing on January 2, 2003. *See Lamar v. State*, 835 So.2d 1127 (Fla. 2d DCA 2002) (Table).

Having reviewed the record, the Court finds that Petitioner fails to meet the criteria to proceed under § 2244(d)(1)(D) because he did not file his petition within one-year of the discovery of the allegedly "newly discovered" evidence. Petitioner states in the memorandum filed in support of his petition that he discovered on an undisclosed date in September, 1999, that Andre Bell was prepared to testify that Petitioner was not the shooter (Dkt. 2 at 7). Petitioner filed his Rule 3.850 motion on November 4, 1999. Assuming, without deciding, that the limitation period commenced to run on September 30, 1999, *see* § 2244(d)(1)(D), and the filing of the third Rule 3.850 motion tolled the limitation period, when the state district court's mandate issued affirming the denial of his Rule 3.850 motion on January 2, 2003, Petitioner had 330 days remaining within which to file a timely § 2254 petition (365 days - 35 days = 330 days). His petition was thus due to be filed on or before November 28, 2004. Petitioner delayed, however, until December 30, 2004, before filing his § 2254 petition. Petitioner does not assert that a state created impediment prevented him from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and he fails to meet the criteria for an exception under § 2244(d)(1)(C) because he does not advance a claim based on a right newly recognized by the United States Supreme Court and retroactive in application. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). Thus, Petitioner does

---

[1](...continued)
cumulative of the impeachment evidence presented at trial. In its order remanding the case for an evidentiary hearing, the appellate court found that Petitioner had "made a facially sufficient claim that the newly discovered evidence would probably result in a different verdict on retrial, *see Jones v. State,* 709 So.2d 512 (Fla.1998), which the trial court [had] not conclusively refuted." *Lamar v. State*, 768 So.2d 500, 501 (Fla. 2d DCA). Concluding that "it is possible that this could be refuted," the appellate remanded the case for an evidentiary hearing. *Id.*

not meet the criteria to proceed under § 2244(d)(1)(D). Given this sequence of events, the petition is time barred by the one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). The "extraordinary circumstances" must relate to the untimeliness of the filing rather than the underlying conviction. *See Helton v. Sec. for the Dep't. of Corrs.*, 259 F.3d at 1314-15.

Therefore, unless Petitioner can show either cause and prejudice to excuse the default or that the manifest injustice exception applies to his claims, they are procedurally defaulted in this Court. *See, e.g.*, *Coleman v. Thompson,* 501 U.S. at 735 n.1 (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes). Cause must ordinarily be something external to the petitioner. *Marek v. Singletary,* 62 F.3d 1295, 1302 (11th Cir. 1995). To show prejudice, Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).

"A petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding

that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015, 1023 (1996). Petitioner offers no reason for his failure to raise the federal dimensions of his claims in state court, and the Court discerns none that would amount to good cause to overcome a state procedural default.

The Court finds that Petitioner has not met the burden of demonstrating that exceptional circumstances beyond his control <u>and</u> unavoidable with diligence prevented him from presenting his claims before the limitations period expired, which are essential elements for the imposition of equitable tolling. *See Drew v. Dep't. of Corrs.*, 297 F.3d at 1286. Petitioner has, thus, failed to satisfy the criteria in this jurisdiction for a finding that he is entitled to an exception to the operation of the one-year limitation period.

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner demonstrates that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that such an exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable

doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo*, 513 U.S. at 324.

Here, as in his third Rule 3.850 motion, Petitioner asserts that testimony by Andre Bell establishes that he is innocent of the offense of conviction.   The trial court held an evidentiary during which Petitioner, represented by counsel, presented testimony in support of his claim of innocence.   Having had the benefit of hearing testimony from Petitioner and Mr. Bell and an opportunity to observe their demeanor while testifying, the trial court determined that:

> Eva Mack and Willie Jackson were the eye-witnesses to the crime. Defense counsel challenged their testimony by suggesting , among other things, that they were inebriated when they said they saw Lamar shooting Pompey, that they had misidentified him from the clothing being worn that night, and by attempting to show that they had initiated a scheme with defendant's family to accept a bribe for not testifying.   However, very little in the way of "impeachment" occurred. . . . While there were inconsistencies on some peripheral facts, the testimony on defendant's identification and incriminating conduct is solid in the record and was solid at the time.

> None of the defense attacks effectively touched the credibility of the witnesses on the key point of who pulled the trigger.   Both Mack and Jackson had known Joseph Lamar since childhood.   Their demeanor on the stand as recalled by the court and their words in the record confirm that on the question of identification and Lamar's role as trigger man they remained unshaken and untouched . . .

> The court finds that Andre Bell's story has all the earmarks of a fabrication and that there are substantial reasons to conclude that his version of the events set forth in his affidavit and at the hearing are wholly fictitious and not worthy of belief.   There is no significant probability that his testimony would

cause a different result if presented in another trial and Bell's evidence does not undermine the court's confidence in the outcome. *Robinson v. State*, 770 So.2d 1167 (Fla. 2000).

Dkt. 27 at PCR 693.

Determinations of credibility are best made by the trial court judge, who can assess the demeanor and candor of the witnesses. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Baldwin v. Johnson*, 152 F.3d 1304, 1317 (11th Cir. 1998) (citing *Smith v. Kemp*, 715 F.2d 1459, 1465 (11th Cir.) ("Resolution of conflicts in evidence and credibility issues rests within the province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."), *cert. denied*, 464 U.S. 1003 (1983)); *Porter v. State*, 788 So.2d 917, 923 (Fla. 2001) (recognizing the trial court's "superior vantage point in assessing the credibility of witnesses and in making findings of fact"). Here, as the 103-page transcript of the Rule 3.850 evidentiary hearing confirms, Petitioner was afforded a full and fair opportunity to present evidence and testimony in support of his claim during the Rule 3.850 proceedings (Dkt. 2, Ex. 006).

The record supports the trial court's adjudication of this claim, and Petitioner fails to overcome by clear and convincing evidence the presumption of correctness accorded the trial court's factual findings. *See* 28 U.S.C. § 2254(e). To prevail on a claim of actual innocence to overcome a procedural bar, the petitioner must come forward with "reliable" evidence of factual innocence. Given the deference due the trial court's factual findings regarding the reliability of Mr. Bell's statements in his affidavit, this Court concludes that Petitioner has not made out a colorable claim of actual innocence.

In summary, Petitioner's petition is barred under the one-year limitations period applicable to requests for federal habeas relief under § 2254, and he has failed to

demonstrate any basis for the Court to disregard the procedural bar to a consideration of the merits of his claim.  In the absence of such a showing, a federal habeas court would be remiss in discussing the merits of a claim.

### Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1.      The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy furnished to:
All Parties/Counsel of Record